Plaintiff, a Government employee for 17 years, seeks back pay and allowances, alleging that his dismissal by the Philadelphia Naval Shipyard was arbitrary, capricious and not supported by substantial evidence. Plaintiff was notified of his proposed removal for conduct unbecoming a Gov- *1032 emment employee, namely, that be bad taken numbers bets from fellow employees on tbe premises of the Philadelphia Naval Shipyard and that he had been arrested off-premises by the Philadelphia police with numbers slips in his possession. Plaintiff, at his Shipyard hearing, denied ever having taken numbers bets or having conducted any type of illegal activity on Government property. Trial Commissioner C. Murray Bernhardt on February 4,1971 issued a report wherein he discussed the evidence supporting the charge, i.e. un-sworn written statements from two fellow employees given to the FBI regarding their placing of bets with plaintiff at the Shipyard; these statements were repudiated before the Shipyard hearing officer. While the hearing officer recognized the pivotal question as to whether the transactions had occurred on the Shipyard premises in violation of Philadelphia Naval Shipyard Instruction 5370-2D, Standards of Conduct, or outside the Shipyard, he made no recommendation as to that but submitted it to the Shipyard head for decision. The latter sustained the dismissal, finding that the weight of the credible evidence and testimony established that plaintiff accepted numbers bets from Shipyard employees and that when arrested by the Philadelphia police he had numbers slips in his possession, but made no finding as to whether the gambling activities occurred inside the Shipyard or outside. The Regional office of the Civil Service Commission upheld the dismissal, primarily because upon review of all the circumstances, it found the written statements of the two witnesses more credible than their oral statements at the first-level appellate hearing. The Civil Service Board of Appeals and Review affirmed plaintiff’s dismissal. At the time of the Regional proceedings the Philadelphia Common Pleas Court had acquitted plaintiff of criminal charges based upon the same facts, under applicable state and federal gambling laws; the United States District Court for the Eastern District of Pennsylvania in acquitting plaintiff found there was a strong reasonable doubt of his guilt, and that the numbers slips which had been taken from plaintiff upon his arrest were betting paraphernalia, but from an evidentiary standpoint worthless to convict a man for conducting a lottery on *1033 a Government reservation. The district court had before it the written statements given to the FBI by the aforementioned witnesses and their oral testimony at the Shipyard hearing, and found the evidence insufficient to prove a violation. Trial Commissioner Bernhardt concluded that the evidence to support the dismissal in the administrative record before him was insubstantial. This case now comes before the court on defendant’s motion that it will not request review of the trial commissioner’s report; plaintiff’s motion requesting that the trial commissioner’s recommendation be adopted by the court as the basis for its judgment, stating that plaintiff has been reinstated to his position of employment and that his claim for back pay is being processed administratively, and requesting a judgment for costs under 28 U.S.C. § 2412; defendant’s opposition to plaintiff’s request for a judgment for costs; and plaintiff’s motion to withdraw his request for judgment for costs. By order of May 18,1971 the court granted, without prejudice, plaintiff’s motion to withdraw his request for judgment for costs under 28 U.S.C. § 2412; the court adopted the report, opinion and recommendation of the trial commissioner (a copy of which was attached to its order and made a part thereof) as the basis for its judgment in this case; the court denied defendant’s motion for summary judgment filed August 5, 1970, granted plaintiff’s cross-motion for summary judgment filed October 5, 1970, and entered judgment for plaintiff with the amount of recovery to be determined pursuant to Buie 131 (c).